**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| RANDOLPH SMITH, ) | C/A No. 4:22-cv-3506-SAL-TER |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | |
| ) | ORDER |
| OFC. JACKSON, SGT. VASQUEZ, OFC. GEE, ) | |
| OFC. MOSES, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____) | |

This is a civil action filed *pro se* by Randolph Smith ("Plaintiff"). This matter is currently before the court on Plaintiff's Motions to Compel. (ECF Nos. 24 and 25). In each of the motions, Plaintiff does not deny that the Defendants responded to the discovery but argues that the answers were not sufficient. Defendants filed responses in opposition to the motions. (ECF Nos. 29 and 30). The court has reviewed the motions and the responses.

The court notes that the parties in discovery must abide by Rule 26 of the Federal Rules of Civil Procedure. Specifically,

(b) Discovery Scope and Limits.

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

>   parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26.

**ECF No. 24**

In the Motion to Compel (ECF #24) Requests to Produce, Plaintiff challenges Defendants responses to discovery requests 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 18, 20, 21, 22, 23, and 24. The court has reviewed the motions and the responses and will address each.

> **Request #2**: Plaintiff requests all documentation establishing when Plaintiff (Randolph Smith) was placed in Max. Segregation for fighting, to include yet not be limited to, incident report(s), cell assignment documents, as well as such information that can be printed from the computer and documents stored therein (on the computer).
>
> **Response:** These Defendants possess no material responsive to this Request.

In response to the motion to compel, Defendants argue that they do not possess documents responsive to Plaintiff's request, and that an incident report is not generated each time an inmate is placed in a cell in the "Max Segregation Unit." Defendants assert that there was not an incident report created after Plaintiff engaged in a physical altercation with his cell mate.

2

**Ruling:** This motion to compel Request #2 is denied in part and granted in part. Fed.R.Civ.P. 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). It appears that these Defendants assert that they do not possess such documents <u>and</u> that no such documents exist. If their basis for not producing the documents is lack of "possession," Defendants are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request #3:** Plaintiff requests any and all documents stored in computer or filed otherwise, which establish all dates and time(s) within the month of August 2022, in which the cells in Max. Segregation have been cleaned by the clean-up crew managed by Ofc. Charles (Mr. Charles).

**Response:** These Defendants possess no materials responsive to this Request.

In response to the motion to compel, Defendants assert that they do not possess any such documentation as each cell in the "Max Seg Unit" is cleaned after each inmate is moved out of a cell and each cleaning does not generate documentation that the cell was cleaned. Defendants assert even if a report was generated, they would not be in possession of such a report.

3

**Ruling:**      This motion to compel Request #3 is denied in part and granted in part. Fed.R.Civ.P. 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). It appears that these Defendants assert that they do not possess such documents <u>and</u> that no such documents exist. If their basis for not producing the documents is lack of "possession," Defendants are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request #4:**      Plaintiff requests any and all documentation establishing, noting, or directing staff that cell 103 Max. Segregation was to be closed for quarantine, or an affidavit from each defendant stating room 103 in Max. Segregation was never quarantined.

**Response**:      These Defendants possess no materials responsive to this Request.

In the response to the motion to compel, Defendants argue that there is no such thing as "quarantining" a cell. A cell is cleaned after an inmate is moved out of the cell and the Defendants are not required to provide an affidavit of such simply because Plaintiff demands one.

**Ruling:**      Defendants' response to Request #4 is adequate; however, to the extent they rely on a lack of "possession," Defendants are directed to explain why they do not have

4

"possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request #6**:     Plaintiff requests all names of trustees that worked within Max. Segregation in August of 2022.

**Response:**      Objection. Irrelevant and poses a security risk to law enforcement personnel.

In the response to the motion to compel, Defendants argue that Plaintiff is not entitled to the assignments of other inmates nor the assignment of law enforcement personnel at the Detention Center.

**Ruling:**      The motion to compel Request # 6 is granted. Defendants are to provide Plaintiff with the name of any Trustees who worked within the Maximum Segregation Unit where Cell #103 is located during the month of August 2022. However, to the extent Defendants assert that disclosing names of Trustees poses a security risk, they may supplement their response by affidavit or otherwise, showing why disclosure poses such a risk, within fifteen days of the date of this order.

**Request #8:**     Plaintiff requests any and all rules, policies, or regulations of the Florence County Detention Center which directs or establishes and instructs procedure for the handling of rooms/cells.

**Response:**      Objection. Irrelevant, vague, overly broad, not limited in time and scope, not likely to lead to admissible evidence, and poses a security risk to officers and staff.

In response to the motion to compel, Defendants argue that Plaintiff has sued

these Defendants in their individual capacities and they are not responsible for the handling and/or cleaning of the cells. Additionally, providing an inmate with the details of the layouts and schematics of the cells at the Detention Center poses a security risk to officers and staff.

      **Ruling:**    The motion to compel Request #8 is denied as this Request is overly broad.

      **Request #9:**    Identify and attach copies of any and all documents on who placed feces on the walls and other areas of cell/room 103 in Max. Segregation as well as when.

      **Response:**    These Defendants possess no materials responsive to this Request.

      **Request #10:**    Identify and attach copies of any and all documents and reports which establish that cell 103 in Max Segregation had feces on the walls, floor, or anywhere else.

      **Response:**    These Defendants possess no materials responsive to this Request.

In response to the motion to compel Requests 9 and 10, Defendants argue that they do not possess any such documentation and "cannot magically produce something they do not possess." Additionally, they assert such documents do not exist and if they did, Plaintiff does not provide a time frame.

      **Ruling:**    The motions to compel Requests #9 and #10 are denied in

6

part and granted in part. Fed.R.Civ.P. 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). It appears that these Defendants assert that they do not possess such documents and that no such documents exist. If their basis for not producing the documents is lack of "possession," Defendants are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order. Accordingly, the Motion to Compel Requests #9 and 10 is granted to the extent that Defendants are to provide to the Plaintiff within fifteen-days a copy of any documents and reports with regard to the cleaning of cell 103 in Max. Segregation during the time period of August 12-24, 2022. Defendants' response to this Request should be limited to the time frame of August 12-24, 2022. If the response cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

**Request #11:**     Identify and attach copies of any and all documents and reports that establishes that cell 103 in Max. Segregation was requested to be cleaned due to feces on the walls or anywhere else.

**Response:**     These Defendants possess no materials responsive to this Request.

In the response to the motion to compel, Defendants argue that they produced all grievances that have been filed by the Plaintiff including those when Plaintiff

7

complained about cell #103 after he had already been moved out of the cell. Defendants assert that Plaintiff is not entitled to other inmate's grievances and it would also be unduly burdensome for these Defendants to search every grievance from each inmate to see if someone has ever filed a grievance referencing cell 103.

**Ruling:** Defendants are to produce any and all documents that establishes a request to clean cell #103 due to feces on the walls or anywhere else in the cell, including but not limited to, grievances by Plaintiff or any other inmate housed in cell #103 between August 12-24, 2022. "Documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). Defendants are directed to produce the requested materials or explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request # 12:** Plaintiff requests any and all documents or reports submitted by Ofc. Gee, Ofc. Moses, or Ofc. Jackson with regard to the inmate known as "Chill Will" placing feces on himself and within his cell when he was held in room/cell 103 in Max. Segregation.

**Response:** These Defendants possess no materials responsive to this Request.

In the motion to compel, Plaintiff states that the inmate known as "Chill Will" is now believed to be William Singletary. In response to the motion to compel,

8

Defendants argue that they are unable to identify "Chill Will" and they do not possess any such documentation.

**Ruling:** The motion to compel Request #12 is granted to the extent Defendants are to supplement their response to state whether or not William Singletary was housed in cell 103 before Plaintiff and whether or not there is any documentation by Officers Gee, Moses or Jackson with regard to feces in cell 103 during the month of August 2022 prior to Plaintiff being placed in cell 103. Defendants are to supplement responses to the discovery within fifteen days of the date of this order. If Defendants' response is based on lack of "possession" of such documents, they are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request #13:** Plaintiff requests documentation which establishes and identifies the real and true name of the pretrial detainee (inmate) known as "Chill Will" who was housed in Max. Segregation room/cell 103.

**Response:** Objection. Irrelevant. These Defendants lack sufficient information to respond to this request for production.

Plaintiff states in the motion to compel that it is believed that the name of "Chill Will" is William Singletary. In response to the motion to compel, Defendants assert that they are unable to identify "Chill Will" and even if they knew, providing an inmate's personal information to another inmate poses a security risk to other inmates.

**Ruling:** It is noted in the motion to compel that Plaintiff states that the inmate is now thought to be William Singletary. The motion to compel is granted to the extent Defendants are to

9

respond to the Plaintiff within fifteen days as to whether or not an inmate named William Singletary was housed in cell #103 in August 2022, before Plaintiff was placed in the cell. Defendants are to supplement responses to the discovery within fifteen days of the date of this order; if the response is based on a lack of "possession," Defendants are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order. If Defendants believe their disclosure poses a security risk, they may supplement their response by affidavit or otherwise, showing why disclosure poses such a risk, within fifteen days of the date of this order.

**Request # 18:** Produce all codes, laws, standards, policies, or regulations upon which you have relied or intend to rely upon in connection with this case.

**Response:** Objection. Calls for Attorney work product and mental impressions. These Defendants will disclose all evidence and demonstrative evidence in accordance with the Federal Rules of Civil Procedure.

In response to the motion to compel, Defendants argue that Plaintiff is requesting privileged information and is not entitled to Defendants' attorney work product, mental impressions and/or trial strategy. Defendants will produce trial evidence in accordance with the Federal Rules of Civil Procedure.

**Ruling:** The Defendants are to explain why this request is attorney work product and why this request is protected within ten days from the date of this order.

**Request #20:** Produce photographs and video of room 103 in Max.

10

|   |   |
|---|---|
|  | Segregation, which is complete in showing the full floor, full four walls, and the inside of the door. These photos need to show color and texture of floor and walls, thus to establish evidence detail. |
| **Response:** | These Defendants possess no materials responsive to this Request. |

In response to the motion to compel, Defendants argue that they do not possess any documentation and, thus, cannot produce such documentation. Further, Defendants assert that Plaintiff fails to specify a timeframe.

|   |   |
|---|---|
| **Ruling:** | As previously stated, Fed.R.Civ.P. 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). Defendants are directed to explain why they do not have "possession, custody, or control" (as it is defined in the case law) of this discovery within fifteen days of the date of this order; if the response cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained. |
| **Request #21:** | Identify and produce documentation which establish and notes the names of all pretrial detainees that were housed in Max Segregation during the month of August 2022, which also notes their cell or room assignment. |

11

**Response:**     Objection. Irrelevant, unduly burdensome, not likely to lead to admissible evidence, presents a security risk and an unwarranted invasion of privacy of other detainees.

In the response to the motion to compel, Defendants argue that producing the cell assignments of other inmates to an inmate poses a security risk for other inmates and the request is overly broad as Plaintiff's Complaint is confined to a 2-3 day time span.

**Ruling:**     The motion to compel Request #21 is granted to the extent Defendants are to provide Plaintiff the names of the pretrial detainees housed in Max. Segregation during the time period alleged in the complaint and their cell assignment during that time. Defendants are to provide this information to the Plaintiff within fifteen days. If Defendants believe their disclosure poses a security risk, they may supplement their response by affidavit or otherwise, showing why disclosure poses such a risk, within fifteen days of the date of this order.

**Request #22:**     Identify and Produce documentation which establishes and notes names and cell or room assignments of pretrial detainees that were housed within Max. Segregation during the time "Chill Will" was assigned to room 103.

**Response:**     Objection. Irrelevant, unduly burdensome, not likely to lead to admissible evidence, presents a security risk and an unwarranted invasion of privacy of other detainees.

In response to the motion to compel, Defendants argue that producing the cell assignments of another inmate would pose a security risk for other inmates.

12

**Ruling:** The motion to compel Request #22 is denied as overly broad as a timeframe is not specified.

**Request # 23**: Identify and produce all rules, policies, or regulations of the Florence County Detention Center which directs, establishes and/or instructs on procedure for handling rooms or cell which are exposed to body fluids, such as blood and feces.

**Response:** These Defendants possess no materials responsive to this Request.

In response to the motion to compel, Defendants argue that no such rules exist and the policy is to clean a cell in Max Segregation after an inmate has been moved out of a cell. Defendants assert that they cannot produce something that does not exist.

**Ruling:** Defendants response to Request #23 is adequate, except to the extent they rely on lack of "possession" as a basis of not producing such documents, Defendants are directed to explain why they do not have "possession, custody, or control" of this discovery within fifteen days of the date of this order.

**Request #24:** Identify and produce Ofc. Charles's full name and position.

**Response:** Objection. Irrelevant, vague, Defendants unable to discern who "Charles" is, no nexus to the causes of action in Plaintiff's Complaint.

In the motion to compel, Plaintiff states that since the request, Officer Charles

13

"is believed to be Mr. Charles Mceveen." (ECF No. 24 at 4). In the response to the motion to compel, Defendants argue that they are unable to identify "Ofc. Charles." Further, Defendants assert that there is no mention of "Ofc. Charles" in Plaintiff's Complaint, and, as such, has no nexus to Plaintiff's causes of action."

>**Ruling:** The motion to compel Request #24 is granted. Defendants are to provide the full name and position of "Officer Charles" if there is in fact a "Charles Mceveen" working at the time of the allegations in Plaintiff's complaint. As previously discussed, pursuant to Fed.R.Civ.P. 34(a)(1), "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). Defendants are directed to produce the requested materials or explain why they do not have "possession, custody, or control" (as it is defined in the case law) of this discovery within fifteen days of the date of this order; if the response cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

**(ECF #25)**

In the Motion to Compel (ECF #25), Plaintiff challenges Defendants responses to discovery responses to Interrogatories 5, 6, 9, 14 and 15. The court has reviewed the motions and the responses and will address each.

>**Interrogatory #5:** Identify by name, job title, business address, and any and all persons who are aware that a pretrial detainee known as "Chill Will" was housed in cell 103, in Max. Segregation and did place feces throughout the cell as well as upon himself.

14

**Answer:** These Defendants lack sufficient information to form a response to this Interrogatory.

In the motion to compel, Plaintiff asserts that it is believed that the name of the pretrial detainee known and called by staff as "Chill Will" was/is William Singletary. In response to the motion to compel, Defendants argue that they are unable to identify "Chill Will" and who has information regarding his cell assignments. Therefore, Defendants assert that they cannot produce information that they do not possess.

**Ruling:** Defendants are directed to supplement their response to Interrogatory #5, substituting William Singletary for "Chill Will," within fifteen days of the date of this order.

**Interrogatory #6:** Identify and provide any reports that you (Ofc. Jackson, Ofc. Gee, Ofc. Moses, Sgt. Vasquez) have submitted at any point with regards to, and/or expressing the subject of the pretrial detainee known as "Chill Will" placing feces either within his cell, upon himself, or both.

**Answer:** These Defendants possess no materials responsive to this Interrogatory.

In response to the motion to compel, Defendants argue that the Interrogatory is ambiguous and not limited in time and scope. Further, Defendants assert that the Interrogatory does not address which cell Plaintiff is referencing and that they are unable to identify "Chill Will." Defendants contend that there are no reports of such an incident.

15

**Ruling:**     The motion to compel Interrogatory #6 is granted to the extent Defendants are to provide copies of any reports or documentation signed by or submitted by Officers Jackson, Gee, Moses, and/or Vasquez with regard to feces being placed within cell 103 by William Singletary or "Chill Will" during the time period of August 12-24, 2022. Defendants are to supplement responses to the discovery pursuant to Fed.R.Civ.P. 33 within fifteen days of the date of this order; if the response cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

**Interrogatory #9:**     Please identify by full name the pretrial detainee who placed feces on the walls in cell 103, within Max. Segregation and his address.

**Answer:**     These Defendants lack sufficient information to form a response to this Interrogatory.

In the response to the motion to compel, Defendants argue that the Interrogatory request is not limited in time, that they will not and cannot disclose personal, identifying information of an inmate to another inmate, and doing so would pose a security risk to other inmates.

**Ruling:**     This interrogatory is overly broad and Plaintiff's motion is denied as to Interrogatory #9.

**Interrogatory #14:**     Did Ofc. Charles (Mr. Charles) and the trustees he manages clean cell 103 in Max. Segregation before, during or after Plaintiff

was placed in? Give dates for each time before, during or after and provide any documentation.

**Answer:** Cell 103 in Max. Seg. Unit was cleaned prior to Plaintiff being placed in that cell.

In the motion to compel, Plaintiff states that he believes the full name of Officer Charles is "Charles Mceveen." (ECF No. 25 at 3). In response to the motion to compel, Defendants argue that they are unable to identify "Ofc./Mr. Charles" or "trustees" and that a cell in Max. Seg Unit is cleaned after an inmate is moved out of the cell. Defendants assert that they do not possess any such documentation as to when a cell was cleaned.

**Ruling:** The motion to compel Interrogatory 14 is granted. Defendants are to supplement responses to the discovery pursuant to Fed.R.Civ.P. 33 within fifteen days of the date of this order stating whether or not "Charles Mceveen" and the trustees he managed cleaned cell #103 five days before, during, or five days after Plaintiff occupied cell 103; if the response cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

**Interrogatory # 15:** Who moved Plaintiff from cell/room 103? Why, when and to what room/cell? Please provide any documentation establishing same.

**Answer:** See Defendants' answer to Interrogatory #10- Plaintiff was placed into cell 103 in Max segregation unit because he was involved in a

17

physical altercation with his cellmate which required his cellmate to get stitches. Ofc. Jackson, Ofc. Moses, and Sgt. Vasquez escorted Plaintiff to the only cell in the Max Seg. Unit that was available at the time, which was cell 103.

In response to the motion to compel Interrogatory #15, Defendants argue that "Plaintiff is in the best position to know who moved him from cell 103." (ECF No. 30 at 3).

**Ruling:** The motion to compel Interrogatory #15 is denied as the response to the Interrogatory is sufficient.

## CONCLUSION

Based on the above, the Motions to Compel #24 and #25 are granted in part and denied in part. Further, Plaintiff is given an additional thirty days from the date of this order to file a response to the motion for summary judgment or his case may be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

July 7, 2023  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge