IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randolph Smith,<br><br>   Plaintiff,<br><br>v.<br><br>Ofc. Jackson; Sgt. Vasquez; Ofc. Gee; Ofc. Moses,<br><br>   Defendants. | C/A: 4:22-cv-3506-SAL-TER<br><br>**ORDER** |

  Plaintiff Randolph Smith, an inmate at the Florence County Detention Center ("FCDC"), brings this civil action pro se against Defendants Ofc. Jackson, Sgt. Vasquez, Ofc. Gee, and Ofc. Moses. Defendants filed a motion for summary judgment. [ECF No. 31.] This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Defendants' motion be denied. [ECF No. 42.] Defendants object to the Report. [ECF No. 44.] This matter is ripe for the court's review.

**BACKGROUND AND PROCEDURAL HISTORY**

  The Report provides a full summary of the facts alleged in the complaint and the evidence presented by Defendants, and the court incorporates those facts by reference. *See* ECF No. 42 at 4–6. The following abbreviated summary is sufficient for purposes of this order.

  Viewed in the light most favorable to Plaintiff, the evidence shows Plaintiff was placed in cell #103 of the "max seg" unit at FCDC on August 22, 2022, by Officer Jackson. [ECF No. 1 at 5.] Plaintiff states the room "smelled bad[,]" and his "stomach curled." *Id.* at 5–6. Then, Sergeant Vasquez came in and turned on the lights, at which time Plaintiff saw "human feces everywhere."

1

*Id.* at 6.  Officers Jackson and Moses later entered the cell to take Plaintiff's jumpsuit. *Id.* Plaintiff states, "[f]eces was all over the ceiling, wall, vent, floor, mirror, bunk, and everywhere . . . ." *Id.* at 7.  Plaintiff describes the "air vents [as] cover[ed in] thick chu[n]ks" and claims he "couldn't see the vent anymore" because the "walls were painted in human feces, [and it] smelled horrible . . . ." *Id.* at 8.  Plaintiff states that the day after he was moved to cell #103, Officer Gee saw him there but did not move him. *Id.* at 7.  According to Plaintiff, he told Officer Gee about the issue, and Officer Gee laughed. *Id.* at 11.  Plaintiff states he told "every officer that worked in that pod[, but] they sa[id] they couldn't do anything about it[.]"  *Id.*  Plaintiff states he vomited uncontrollably, including before, during, and after eating. *Id.* at 6, 7.  He also felt nauseated, had right arm and chest pain, and experienced shortness of breath. *Id.* at 6.  Plaintiff states he was kept in the cell for three days. *Id.*

In October 2022, Plaintiff filed his complaint alleging Defendants violated his Eighth Amendment rights.  [ECF No. 1.]  Defendants moved for summary judgment.  [ECF No. 31.]  To their motion, Defendants attached affidavits, in which each Defendant avers they do not recall "any particular odor or smell emanating from cell #103" when Plaintiff was in that cell, nor do they "recall seeing any human fecal matter in cell #103" at that time.  [ECF Nos. 31-2 at 1; 31-3 at 1; 31-4 at 1; 31-5 at 1.]  Those affidavits also indicate cells in the max seg unit are pressure washed and sanitized with bleach after an inmate is transferred out of a cell.  [ECF Nos. 31-2 at 1; 31-3 at 1; 31-4 at 2; 31-5 at 1–2.]  In her affidavit, Sergeant Vasquez recalls seeing rust in cell #103 when Plaintiff was placed in it.  [ECF No. 31-4 at 1.]  Defendants state they do recall Plaintiff asking to be moved out of his cell or requesting medical attention.  [ECF Nos. 31-2 at 1; 31-3 at 2; 31-4 at 2; 31-5 at 2.]  In response to Defendants' motion, Plaintiff verified his complaint.  [ECF No. 35.]

On November 13, 2023, the magistrate judge issued his Report, recommending the court deny Defendants' motion for summary judgment as there are genuine issues of material fact with respect to Plaintiff's claims. [ECF No. 42.] Defendants object to that recommendation. [ECF No. 44.] The court addresses the contours of the magistrate judge's findings and Defendants' objections below.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human*

3

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error."  *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## II.     The Report

The Report provides the applicable standards, and the court incorporates that discussion by reference here. [ECF No. 42 at 6–14.] As explained by the magistrate judge, because Plaintiff is a pretrial detainee, his claims are technically evaluated under the due process clause of the Fourteenth Amendment, as opposed to the Eighth Amendment. However, the standard is the same. *Id.* at 7 (citing *Brown v. Harris*, 240 F.3d 383, 388–89 (4th Cir. 2001) (holding deliberate indifference standard applies to detainees)). "A two-pronged showing is necessary to demonstrate a . . . violation with respect to prison conditions: (1) a serious deprivation of a basic human need; . . . and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citations omitted). The first prong is called the objective prong, and the second is called the subjective prong. In this case, the magistrate judge concluded there were genuine issues of material fact as to both prongs.

The Report notes that, "[a]s to the objective prong, there are genuine issues of material facts as to whether or not the cell was covered in feces which created an excessive risk to Plaintiff's health." [ECF No. 42 at 10.] The court agrees. Plaintiff's verified complaint states his cell was covered in human feces, that it smelled, and that the feces was so thick on the air vent that he could not even see the air vent underneath. [ECF No. 1.] Defendants' affidavits provide a much different

set of facts, but, under the summary judgment standard, the court must view the facts in the light most favorable to Plaintiff.

As to the subjective prong, the magistrate judge found "[c]onstruing the facts in favor of the Plaintiff, if the walls and vents were covered in feces and had the odor as alleged by Plaintiff, it would be obvious to the Defendants that fecal matter was present in cell #103 and they did not have Plaintiff removed from the cell." [ECF No. 42 at 11.] Additionally, Plaintiff specifically alleges he told Gee and "every officer that worked in that pod[,]" about the situation, but they did not move him. [ECF No. 1 at 11.] The court agrees with the Report that "there is an issue of fact as to whether or not the officers fulfilled their duty to provide Plaintiff with adequate shelter and sanitation." [ECF No. 42 at 11.]

Although Defendants assert Plaintiff failed to demonstrate a constitutional violation, they alternatively raise qualified immunity. "Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory constitutional rights of which a reasonable person would have known." *Orange v. Fielding*, 517 F. Supp. 2d 776, 791 (D.S.C. 2007). However, based on the genuine issues of material fact outlined above, the magistrate judge rejected that argument. *Id.* at 13–14. Again, the court agrees with the magistrate judge's reasoning.

### III. Defendants' Objections

Defendants group their objections under two headings: (1) Plaintiff's conclusory statements alone are insufficient to create a genuine issue of material fact barring summary judgment, and (2) Plaintiff's conditions of confinement claim fails both the objective and subjective prongs for proving deliberate indifference. [ECF No. 44.]

6

### A.    Alleged Failure to Create a Genuine Issue of Material Fact

In the first set of objections, Defendants repeatedly assert Plaintiff has failed to put forth any evidence to substantiate his claims. *Id.* at 2–3. These objections fail to acknowledge that Plaintiff made his complaint a verified complaint. According to the Fourth Circuit, "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (emphasis in original) (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979)). Here, many of the allegations within the complaint are based on Plaintiff's personal knowledge. Thus, the court must accept those as allegations as facts for purposes of summary judgment. Defendants are incorrect that Plaintiff has not presented evidence to support his claims.

Defendants further assert the "complaint is replete with hearsay, conjecture, and conclusory allegations[,]" and Defendants argue none of the hearsay statements fit the exceptions in Fed. R. Evid. 803. Defendants are correct that any hearsay cannot create a genuine issue of material fact. *See Maryland Highways Contractors Ass'n v. State of Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."). Also, some of the information in the complaint could not be within Plaintiff's personal knowledge, and such allegations need not be considered as facts. However, as set forth above and in more detail in the Report, genuine issues of material fact exist even without considering hearsay or conjecture.

For these reasons, Defendants' first set of objections are overruled.

### B.     Alleged Failure to Meet Objective and Subjective Prongs

In their second set of objections, Defendants argue Plaintiff failed to meet either the objective or subjective prongs of a conditions claim.  As to the objective prong, Defendants assert Plaintiff failed to allege or show "he actually came in direct contact with human waste or even circumstantial evidence that it was present in his cell, such as skin rash, infection, or respiratory difficulties."  [ECF No. 44 at 3.]  Defendants compare this case to *DePaola v. Ray*, 2013 WL 4451236 (W.D. Va. July 22, 2013) and *Canterbury v. W. Reg'l Jail Auth.*, No. 3:18-cv-01440, 2019 WL 6545328 (S.D.W. Va. Nov. 7, 2019)—two cases out of West Virginia where federal courts granted summary judgment on § 1983 claims by prisoners who complained of closeness to human waste.  *See* ECF No. 44 at 3–4.  In *DePaola*, a court found that a prisoner, who complained that he could not flush his toilet and that he was subjected to the smell of other prisoners smearing their feces and urine, failed to show a serious or significant injury by "[s]imply alleging humiliation, nausea, and psychological trauma, without more . . . ."  2013 WL 4451236, at *10.  In *Canterbury*, the prisoner "allege[d] that he 'constantly' saw and smelled urine and feces in the cells and the common areas . . . , but he [did] not allege that he was injured in any manner due to the exposure."  2019 WL 6545328, at *12.  Both *DePaola* and *Canturbury* are distinguishable from this case.

Here, there are more than allegations of nearness to feces with unsupported allegations of insignificant injuries.  Plaintiff's verified complaint serves as evidence that there was feces covering his cell and that Plaintiff experienced uncontrollable vomiting, nausea, shortness of breath, and pain in his right chest and arm.  His evidence satisfies the objective prong of a conditions claim.  *Cf. Clark v. Daddysman*, 2018 WL 1453333, at *10 (D. Md. Mar. 22, 2018) (collecting cases and noting "[c]ourts have repeatedly held that leaving a prisoner in a cell

containing human waste is sufficiently dangerous to an inmate's health and safety as to satisfy the objective prong of this test"); *McBride v. Deer*, 240 F.3d 1287, 1291–92 (10th Cir. 2001) (finding a prisoner adequately pleaded an Eighth Amendment claim where he alleged he was forced "to live in squalor—more specifically, a feces-covered cell—for three days"). *See generally Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) ("While the length of time a prisoner must endure an unsanitary cell is undoubtedly one factor in the constitutional calculus, the degree of filth endured is surely another, and in our view, the length of time required before a constitutional violation is made out decreases as the level of filthiness endure increases."). The court must overrule Defendants' objection based on the evidence presented by Plaintiff in this case. There is a genuine issue of material fact as to the objective prong.

Defendants also argue there is no evidence of the subjective component—that is, that they were aware of the alleged unsanitary conditions of confinement. [ECF No. 44 at 5.] They argue "Plaintiff relies solely on his own self-serving recounting of alleged conversations amounting to hearsay." *Id.* Again, whether self-serving or not, Plaintiff's verified complaint serves as adequate evidence in that he specifically alleges he told Gee and "every officer that worked in that pod" about the issue with his cell. [ECF No. 1 at 11.] What Plaintiff told the officers and what Defendants responded is not hearsay. *See* Fed. R. Evid. 801. Further, as explained in the Report, the amount of feces in the cell (as described in the verified complaint) would have been sufficient to put a reasonable officer on notice as to the issue. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from

9

the very fact that the risk was obvious." (internal citations omitted)). There is a genuine issue of material fact as to this prong as well. The court must overrule this objection.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 42, and incorporates it by reference here. Accordingly, the court **DENIES** Defendants' motion for summary judgment. ECF No. 31.

**IT IS SO ORDERED.**

December 28, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge